UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

REGGIE DANIEL,

                      Plaintiff,

-against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT,
POLICE OFFICER WILFREDO ACEVEDO SHIELD
#26116, POLICE OFFICER JOHN DOE #1, AND
SERGEANT JANE DOE,

                      Defendants.

------------------------------------------------------------------ x

**ANSWER**

08 CV 2918 (GEL)

**JURY TRIAL DEMANDED**

       Defendants City of New York and the New York City Police Department[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

       1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to invoke pendent jurisdiction as stated therein.

       3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Upon information and belief, Wilfredo Acevedo has not yet been served with process in this action.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that the City of New York maintains a police department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint, except admit that Wilfredo Acevedo was employed by the City of New York as a police officer.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 2, 2007.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about July 2, 2007 and this claim has not yet been settled or adjusted.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admit that Wilfredo Acevedo was employed by the City of New York as a police officer and that plaintiff purports to proceed as stated therein.

13. Paragraph "13" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, no response is required.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except admit that plaintiff purports to proceed as stated therein.

15. Paragraph "15" of the complaint contains conclusions of law, rather than averments of fact, and accordingly, no response is required.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that plaintiff was arrested on April 12, 2007.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint, including all subparts thereto.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint, including all subparts thereto.

23. In response to paragraph "23" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "22" as though fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to paragraph "27" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "26" as though fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint, including all subparts thereto.

30. In response to paragraph "30" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "29" as though fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. In response to paragraph "33" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "32" as though fully set forth herein.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to paragraph "40" of the complaint, defendants repeat and re-allege their response to the allegations set forth in paragraphs "1" through "39" as though fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

45. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

46. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

47. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of third parties, and was not the proximate result of any act of defendants City of New York or the New York City Police Department.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

49. Plaintiff's claims may be barred in part by the applicable doctrines of *res judicata* and/or *collateral estoppel*.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

50. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonable and properly in the lawful exercise of their discretion. Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

51. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

52. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

53. Plaintiff's claims may be barred in part by the applicable statute of limitations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

54. Plaintiff may have failed to comply with the conditions precedent to suit.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

55. The New York City Police Department is not a suable entity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

56. Plaintiff provoked any incident.

**WHEREFORE,** defendants City of New York and the New York City Police Department request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         June 23, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    Attorney for Defendants City of New York and the
                                    New York City Police Department
                                    100 Church Street, Room 3-208
                                    New York, New York 10007
                                    (212) 788-1096

                              By: _____
                                  Sumit Sud (SS/2781)
                                  Assistant Corporation Counsel

To:   Robert Blossner, Esq. (by ECF)
      Attorney for Plaintiff

Docket No. 08 CV 3475 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGGIE DANIEL,

                           Plaintiff,

-against-

CITY OF NEW YORK, NYC POLICE DEPARTMENT, POLICE OFFICER WILFREDO ACEVEDO SHIELD #26116, POLICE OFFICER JOHN DOE #1, AND SERGEANT JANE DOE,

                           Defendants.

## ANSWER

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York and the New York City Police Department*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Sumit Sud*
*Tel: (212) 788-1096*
*NYCLIS No.*

*Due and timely service is hereby Admitted.*

*New York, N.Y. ........................................, 2008*

*........................................................ Esq.*

*Attorney for ..........................................................*

- 8 -